8-5-7 United States v. Eric Pineda Mateo Good morning, set paper in again for the United States In this case husband and wife were charged with a drug conspiracy Wife provided a proffer, wife then pled guilty to the conspiracy The government immunized the wife and then attempted to call her in their case in chief The wife interposed the spousal testimonial privilege and the government objected and the district court found that that privilege applied The government's argument was that there is a co-conspirator exception that should be recognized for that privilege That was rejected in the district court and that's what brings me here today is to argue to you why there should be such an exception to the privilege Did that privilege exist? Or I should say, did that exception exist under common law? No, that exception is an exception that The government wants us to change the common law Rule 501 says that we decide privileges on the basis of the common law based on reason and experience and if we read the Supreme Court cases they talk to us about it's an evolving process and this is a question of first impression in the first circuit It's a question that has divided the courts that have considered it States, some states have this in their law So it's not novel, I mean this is not the first court by any means to consider it although it's the first time that this court is considering it and the way you go about this process is to engage in a balance under Rule 501 You ask yourself, one, why do we have this privilege? What is the public policy in support of the privilege? and then on the countervailing side, what are the reasons in the particular circumstances the public policy reasons that that privilege might be overridden and that's how you go about thinking about this kind of question You do that along with experience and not just reason It's experience and reason So experience would be the history of the recognition of the privilege without the exception That's right, and it's sort of a muddled picture because you have Trammell, although retaining the privilege, no doubt substantially criticizing it talking about all the states that have gotten rid of the testimonial privilege You have states that have engrafted co-conspirator exceptions The testimonial privilege altogether or just when the... 17 states, now 20 states I believe don't have it at all They only have the marital communications privilege So our country is about half and half if you're looking at state practice on who has this and who doesn't A couple states have it but have the exact exception that I'm advocating for here today With respect to the exception you're asking for, just so I understand that it's content You would like the co-conspirator spouse to testify even if the testimony did not concern actual criminal activity No, I think the limits are... That's not what you asked for, I thought just as long as they're a joint participant anything relevant to the prosecution they can be asked to testify about As opposed to something like a crime-fraud exception Do you see the difference? Yes, I think that it would be about the criminal conduct I don't think we could ask, I mean I guess, I don't know why Many of these questions would be irrelevant I would think that they're not about the criminal conduct Well if she was testifying to them I don't know what would be the contours of a crime-fraud exception like we have for attorney-client versus just a joint participant Crime-fraud comes up in a communications privilege So you're allowed to testify to the communications that are in furtherance of the crime-fraud What's unique about this privilege is I think it's the only privilege, at least that I'm aware of that's not a communications privilege, it's a status privilege So I guess if you override the status privilege I still think it's to the extent that you're asking questions that are relevant to their joint criminal activity I don't think you can go ask about other things you're curious about about their marriage I don't know that those would be relevant to the criminal prosecution But I think it goes beyond communications because that's a separate communications privilege I think you can ask factual questions about what you did what did you do in the conspiracy, what did he do I think those questions would be asked under the exception that I'm advocating I think the question that we have to ask is why do we have this exception? And what's the government's view about what this threshold is for showing that the person is a conspirator? So that's a hard question and there's no foreign law on that So my position would be that I think it should What did you argue to the district court? They never got to that The question of what would happen You must have made an argument to the district court about what showing you had to make I didn't make that argument but I don't recall that that was said I think it's preponderance of the evidence I think it's similar to what we do under Petrozziello in a trial where we say has the government proven by preponderance of the evidence that there was a conspiracy? I think of something that's said in the other side's brief that I just want to clarify They frequently say well the government can just start accusing spouses and thereby get their testimony That is not my position We would have to make a factual showing And I think it's by preponderance of the evidence that there was a conspiracy between husband and wife to invoke this exception And I also took the position in my brief that I don't think we can call the spouse in that hearing to provide the testimony that would allow us to make the showing I think we would probably have to make that showing through other means Which I think is a significant limitation on when we could do that We could certainly do it here because we have a guilty plea admitting to a conspiracy But there could be other cases where we wouldn't be able to meet that burden So I think that's a limiting feature of what I'm arguing for today So the fact that you wouldn't call the spouse in the preliminary hearing suggests that you would have to prove the participation by other means Yes So in this case in particular you have another witness and you have recordings Should the fact that there's other available information go into the balance? So I think there's two burdens of proof and that's how I'm thinking about this case So I think we could prove by the standard we were just talking about that they were conspirators But then the question is at trial could we prove beyond a reasonable doubt with the evidence we have that this defendant was a conspirator without the wife Maybe we can but it wasn't so clear to me that we could That's the difficulty that makes you want to do this You typically, practically speaking, wouldn't want to do this in many cases You would want to do this in a closed case where you have the spouse locked into her testimony because she pled guilty to admitting to be a conspirator thereby giving you some ability to control the direct examination I don't think typically you would want to put on a spouse where you didn't have a record of what their position is But you can use the marital communication In a world in which there's so much text messaging, email, phone calls How necessary is the testimony? In this case there's email and text messages with others We don't have emails and text messages between them There were slip-ups I'm not saying we couldn't win this case on the record as it is I'm not sure that we can There is some evidence of his involvement but I wouldn't call it overwhelming evidence of his involvement So a well-structured conspiracy between husband and wife where they don't write things down, they don't send text messages or we don't have them they do insulate each other and use other people to actually do the work of the conspiracy could be very difficult to prosecute and that's the core of my argument which is that the reason there should be an exception for co-conspirators is what the Supreme Court has described as the dangers the conspiracies involve which is future crime So if you are a sophisticated husband and wife that executes It just seems, I mean, people have been married for a long time Yes And the privilege has been around for a long time It just seems, the idea that there's this incredible threat of married couples conspiring together but you can't get after them in 2018 suddenly discovered that Judge Barron just took the words out of my mouth As I see this, this privilege has been in effect for centuries What great need does the government have to have us go against this privilege at this point? Let's be clear about this privilege and its history It's a changing rationale So we started with very... The current one's not bad Sorry? The current one's not bad No, it's not a bad one I get the earlier ones are now discredited which was that spouse was just an appendage of man The current rationale is that the marital relationship is a very important relationship in which confidentiality is critical But we've already said in the related privilege that there is such an exception of the marital communications privilege Correct, which goes to show that you can survive with maybe just that One would experience, I think, the spouse testifying directly against you as somewhat more damaging to the marital relationship than the discovery of an email that I sent to the spouse The cases say that, so there's no question Judge Friendly says that Doesn't human experience suggest that? Well, I don't know I'll make my argument as to why not You take the context of a text message Now, these opinions that we're reading from are older The kind of communications that we have now really weren't the same as they were in the early and middle 80s And so you can imagine scenarios where the prosecutor is reading at the trial text messages that the wife sent to the husband that, in retrospect, don't look like they were that good of an idea to be sending that are going to convict the defendant and he's not very happy about that and then his wife or whichever spouse sent those text messages that doesn't probably so good for marital harmony Now, on the other hand, in the testimonial context you have a situation where everyone in the world knows this is compelled This is not a choice This is the government using its immunity power to make this person testify The defendant knows that Query which ones work for marital harmony I'm not sure I think it depends on the particular case But to say one doesn't harm the marriage and the other does I'm not sure that that's necessarily right in the modern age No comparison It's like saying the fingerprints of the wife in one place rather than her direct testimony for her husband I don't think there's a comparison I think reading some of the communications Here's the point So you just did reason Right And we disagree 50-50 And then you're supposed to reason the right of experience And experience is, for us, 70 years We've had the privilege So why wouldn't you, when you cast those things out to just tie those to retain the privilege? No, I mean You need something pretty strong to get the exception, I would think given the history You need something pretty strong on your side on the reason end of it to get over the history And so my argument is There's just no rationale for it all No, no So let me be clear I am not advocating Just put it a little bit differently What's changed? What has changed since Tramble was decided in 1980? What's changed in 2018 that marriage should no longer be considered sacred in this regard? Well, this has been an issue that's been percolating in the federal courts since the Supreme Court said and before it said in Tramble that family harmony is the reason for the privilege So this issue It started in the 7th Circuit before Tramble It happened and Tramble was decided And then the issue has been litigated throughout And what's the history since Tramble? What's the history since Tramble? The 7th Circuit has retained it The 2nd and 3rd Circuits and the 9th Circuit have rejected it under sort of different reasoning And what's happened in the states since Tramble? Three more states, based on my research have gotten rid of the whole thing writ large And I think Kentucky and Connecticut have brought in a joint participant exception So there's some activity New Hampshire, as I said in the brief New Hampshire, Vermont, and Maine don't have it, as my friends point out Rhode Island and Massachusetts do have it So it is not this clear line of this privilege is rock solid and everyone's for it It's a much more muddled picture, I think than what's being pointed out here So let me say why I think why I think it's important to have the exception in this context which is conspiracies present a different danger than precipient witness spouses The danger of a conspiracy is future-going and the Supreme Court said this in 2003 in Jimenez that conspiracies can cause future danger and future crimes If you do not a sophisticated husband and wife can use this privilege as a shield and continue to commit future crimes We do not allow privileges to be used to facilitate further crime That is, we can point out many examples including the most obvious one is attorney-client And so that's the policy that makes conspiracy different from the right for the testifier just a precipient witness If they're just a precipient witness the privilege applies It's only when they have used their marriage to form a criminal confederation that we think there's an overriding policy on the other side of this debate that overrides the usual rule which is the spousal test of royal privilege May I just ask you one more question? If the conflict occurred between the two people say they were co-habitating but not married but then subsequent to arrest they get married does the privilege apply? I think the Seventh Circuit says no it does not the pre-marriage does not is not covered I would have to go back and look at that let me file a 28-year letter with Mike so that I can give you the precise answer I read that but I just want to make sure I'm right Thank you Thank you Good morning Good morning, may it please the court My name is Jay Rancourt I represent the wife, Yvonne Esguerra Tejeda and attorney Masfur and I will be splitting our time I'd like to answer a couple of the points the government has argued in their briefing today One is that neither the district court nor I nor attorney Masfur have conducted the proper 501 balancing analysis and I specifically want to address that as well as the government's argument that the two marital privileges should be treated similarly as we do not believe they should as they serve different purposes First, as it goes to the 501 analysis specifically, Justice Cardozo said in Clark v. U.S. that that balancing act that the court the 501 analysis that the court has to conduct is more important when there has been no attempt made by either treatise or previous decisions by the court to chart the privilege or to outline the privilege and that's not the case in this case for the spousal privilege so what the court did below and what we did in our briefs was track the history and track the decisions of the other U.S. Court of Appeals that have conducted the proper analysis that have looked at the purpose of this privilege and come out on the side that not only preserving marriages going forward is an important societal goal but also on that side is that it is unseemly for the government to kind of interfere in a marriage by forcing one's spouse to understand the general notion that society has an interest in protecting a harmonious criminal enterprise it's not the criminal enterprise that the courts are saying we need to preserve what the courts are saying is that there is something after the criminal enterprise and I think that this court in U.S. v. Wood specifically acknowledged that when a conspiracy is over when all the conspirators are arrested and charged with crimes and Ms. Guerrero had already pled guilty that conspiracy is over so we're not protecting an ongoing conspiracy what we're protecting is that eventually these two people are going to get out of prison if they go to prison they have children they have a life together they are financially dependent on each other there is a marriage and that a marriage in society serves other goals for people which is hopefully a goal for rehabilitation a goal to keep the family together to take care of children and that those are things that we want to continue we're saying that by virtue of the fact that the state grants someone a license to marry that it is condoning them engaging or not being forced to disclose their polypond from the behavior of the other spouse simply by virtue because you can't make the same argument with people who are simply cohabitating I think Attorney Massafor is going to address the issues Attorney Massafor is specifically going to address your concern about cohabitating individuals but I don't think it's true to say you're abusing your privilege of marriage by participating in criminal activity no state is going to revoke a marriage license because two people have committed a crime together the purpose of the joint it's being protected it's being protected because the courts have found that we as a society want to encourage the ongoing union of a marriage and the rehabilitative and other societal benefits that come from a marriage post crime what we're saying is two people who make a mistake and commit a crime together and they happen to be in a marriage doesn't mean that that marriage serves no purpose it doesn't mean that their marriage is all about crime it's different if two people get together in a sham marriage they could be acquitted the government's position is not that they only get to have them testify if they get a conviction correct the concerns about the afterlife of the marriage post the trial we have to assume we don't know what the outcome of the trial is in this case we know Ms. Guerrero has already pled guilty so it's a little bit different we don't know that Mr. Panetta will be found guilty I understand the government's position they're not arguing that they only have the right to do it if one of the co-conspirators is not guilty that's correct and I just want to point out that the government's argument is they say this only applies at a trial and our argument that they would go out and charge people in order to overcome this privilege is unfounded you're only going to argue there's a joint crime exception if you can prove some conspiracy and the only way you're going to charge some conspiracy is either they're an unindicted co-conspirator they're an indicted co-conspirator they're both on trial together there is some action by the government at that point to bring them both into this conspiracy but I wanted to get back to the point I was trying to make this is different than a sham marriage where two people may be saying let's get married because we're in this conspiracy and then we can protect each other if you're called you can refuse to testify under the adverse spousal privilege the courts have addressed cases like that and said if it's a sham marriage it's different there's no question in this case and that was not raised by the government that this is a sham marriage this couple was married prior to entering into a criminal conspiracy they have children together there's no question of that that was raised but I think it's important to get to the second point of these two privileges and keeping them distinct because the marital communication privilege protects something very different the courts have said over the years that that privilege protects and encourages the very private and personal communications between husband and wife and an open sharing of ideas in the marriage and that's what it protects the adverse spousal privilege protects the marriage going forward not just what happened in the marriage but the hope that this marriage and this union and the responsibilities that that brings for this couple going forward is what it protects and also as all courts have addressed this unseemliness of the government forcing one's spouse against their will to take the witness stand it is a big difference I would argue to read an email into evidence that has been discovered during a search of your house than to see your spouse on the witness stand being the one to put the nails in your coffin so to speak at your trial and I would argue that it would be hard for a marriage to recover from that this exception really swallows the rule I mean I cannot fathom a time when they would want to call a spouse who doesn't have knowledge of the criminal activity I mean I guess they might have a few peripheral information about where someone was at some time but if they don't have information about the criminal activity itself then why would the government be calling you and really the exception swallows the privilege Thank you Mr. Masparell you are good morning good morning Mr. Masparell for Mr. Pineda the adverse spousal testimonial privilege remains vital in today's jurisprudence it has been sanctioned by congress it has been sanctioned by the supreme court and this court should guard against turning the privilege into an empty promise I'll point out that I think all of you may have referenced this issue notwithstanding the current existence of the adverse spousal privilege the government in this particular case was able to investigate this crime identify those participants in it arrest them indict them end the conspiracy and was preparing to go to trial until one week before trial so the government had no problem with the adverse spousal privilege up until a week before trial when Ms. Guerrero who at the time was five months pregnant with their second child elected to plead guilty and it's only at that point that all of a sudden the government realized they needed to ask this court to rewrite, not just common law but rewrite the entire privilege and basically banish it from existence in any case where the government can charge about the marriage going forward there's something that puzzles me when she pled guilty did she name her husband as part of the conspiracy? she did not I don't think she had to say anything I think the government recited a series of facts that she was pleading guilty to she said all that was true so she did say that her husband was conspired with I'm sure it's part of it she acknowledged the facts that the government I don't know to tell the court exactly the thing that's just a little odd is she's pled guilty naming the husband as her co-conspirator because she couldn't have taken the plea couldn't have been accepted unless she identified the co-conspirator and on your account the government identified that co-conspirator as the husband presumably the government did I wasn't there, I don't know I'm pretty sure that sounds right too yes I'm sure that's what she did that seems fairly damaging to the marriage it isn't because her guilty plea in and of itself doesn't enter into Mr. Panetta's trial the government can't reference it we're not allowed to reference that a co-defendant pled guilty it has nothing to do with the defendant's guilt or innocence in a particular trial so even if she had pled guilty like any co-defendant it wouldn't be an issue at Mr. Panetta's trial he'd still be free to argue that he was not a member of a conspiracy and so her guilty plea affects her it's limited to her for her own choices based on her view of the evidence and her particular circumstances and it's also about how this marriage is going to go forward they are not divorced they are not separated they are an active couple who are raising their children together for the government to insist that she has to testify as everyone has already mentioned is likely to have a significantly not just detrimental effect on the marriage but would likely destroy an otherwise marriage that is necessary as these two people love each other and want to remain together the courts have consistently talked about the importance even if it's known that the testimony is under compulsion even if the testimony is under compulsion I think it is incredibly damaging to have a spouse look at someone else on a witness stand and be the deliverer of those who delivers some of the most damning testimony in a trial we can talk about whether it is compulsory or not but certainly jurors would be more readily to accept what a wife says her husband told her said or did and if it's under a compulsory process they are more likely to believe every single thing that the wife said that she did and the husband knows that the courts have said that marriage is vital marriage is something we should protect even notwithstanding criminal laws or criminal issues the supreme court in travel that the adverse testimony that the adverse spousal privilege is crucial because it fosters harmony and the sanctity of marriage Griswold talks about marriage coming together for better or for worse and hopefully enduring in the intimate degree that it is sacred Zadlock, the most important relation in life, the foundation of family and society Oberfeld, marriage becomes greater than just two people it is essential to our most profound hopes and aspirations it affords prudency and stability and importance to a child's best interests it is something worth protecting even if it creates difficulty when the government comes to try a case because that's where the difficulty comes not necessarily in its investigation doesn't foster further criminal activity it's when the government now wants to prosecute the case in open court that this evidentiary privilege comes into play like many other evidentiary privileges the government has to deal with marriage is just as important today as it was 50 years ago, 60 years ago we have, as the court is well aware many of those who are not given the right to marry fight and litigate for that privilege, for disability congress has enacted several policies that favor marriage everything from social security benefits to estate benefits, to tax benefits congress believes that marriage is something that is worthwhile and in the 20 plus years since Trammell has been decided where Trammell specifically amended or altered the spousal privilege to allow one spouse to testify against the other if they chose to do so neither congress nor the supreme court has gone back to review that and say that that's an incorrect ruling that something has to be changed or that the privilege should be amended any further in that regard the federal courts that have dealt with this issue as the government said, the 2nd, the 3rd, the 9th all conducted an analysis of this issue and realized that there is no pressing issue to make it worth changing the 7th circuit which is now where the government relies on this one case to suggest has two theories as to why we need to have a criminal exception to the spousal privilege the first was to assure that the defendant cannot enlist the aid of a spouse without fear of creating a witness that rationale is eliminated by Trammell if I convince my spouse to assist me in a crime there is no guarantee that when we are prosecuted that my spouse will elect to testify on behalf of the government so I have no guarantee of preventing the spouse from doing that clearly there are states that don't permit this privilege yes there are so is it important to us to know what the results of those states are as far as preservation or impact on the marriage I don't think it is at this point because this court is following Supreme Court precedent in Trammell the Supreme Court was given the opportunity to eliminate this privilege and it elected not to instead it balanced the test which is what we are supposed to do when we are dealing with such a historic privilege and said we will give either spouse the right to choose to do so the privilege is only good for as long as the marriage is valid and legitimate if someone gets divorced there is no longer a privilege you are not going to raise the question about whether somebody is willing to get cohabitating does a cohabitator gain the same benefit they don't we require marriage to gain all of these benefits if they are cohabitating together commit the criminal enterprise and then get married does the spousal privilege apply it actually does because they are currently married does it cover all marriage anymore not in the same way that it existed and not with the same acknowledgement that we see in federal courts some states have it but not the federal courts just to finish but they do have issues of sham marriages so if you got married just to prevent yourself from being called then multiple circuits including the Supreme Court have all alluded that there can be an investigation to whether it is a sham marriage and if it is a sham marriage then the spousal privilege doesn't apply in the states that have recognized this exception of the privilege have they done it by statute or by court decision I don't know judge but I can write a letter to the court yes your honor thank you judge probably not a helpful answer to me but mostly by statute mostly by statute we don't know if in the states where they are allowing the government to abrogate the privilege we don't know what happens to the marriages in the states where they recognize the privilege we don't know what happens to the prosecutions I know it is hard to figure that out doesn't that suggest that maybe a good way to do this is to stick with the common law and if the legislature wants to change it they can you have an onus where most of the privilege law in states is statutory and the federal government rejected that approach and picked this one putting on you, and I think I said in my reply a legislative function on you there is really no question that the federal decision to enact 501 was putting courts in a quasi legislative function when it comes to this that is just the reality of what we did by rejecting where we were going to identify specific privileges in going this route I wanted to say two things really quickly, one is this is not a privilege without exception so there is already an exception there is the injured spouse exception and the theory behind it is that it is not that there can't be marriages where there is something that happens to a spouse but the other spouse wants to assert the privilege it is that there is a need for the evidence, there is necessity the necessity is one one is the nature of those crimes and where they happen and the secrecy where they happen and I think the other in my view is this idea that in a domestic violence situation the likelihood of future domestic violence is possible and we are going to force the spouse to testify in that circumstance because we have a particular concern in that area I think we have a particular concern in the area of joint criminal enterprise and I think there is a parallel that can be drawn so it is not that marital harmony always wins the day regardless, we have long recognized an exception that I think has parallels to this one, and the 7th circuit mentioned that when it approved this exception but in the case of violence between the spouses you don't have the harmony what about, is there a defense on the other side saying we have a harmonious relationship so the 9th circuit just had that the wife says I don't want to testify against the husband we had an incident but my marriage is still intact and I don't want to testify and the 9th circuit said overruled, you have to testify in this case the spouse says that they have a harmonious relationship and that spouse said they have a harmonious relationship as well here they don't prove otherwise in that case you already had the one mentioned in the 9th circuit which I read so I accept it so the proof being that the husband did something bad to the wife I suppose but I would just, and I'll end with it I think the point is in the harmoniousness of the marriage that wife said this marriage remains harmonious despite what happened to me I think it's the other factors, the importance of getting at that criminal conduct and I think that's the parallel to conspiracy which ties into the future the risks and the secret nature of conspiracies that's what I'm trying to figure out how do we look at the availability of other evidence because in marital situations often times there is no other evidence in situations where you said that you can testify in cases of child abuse you said that only available evidence it depends on how well you run your conspiracy some people are really careful and they make an agreement and they use other people to execute and it's hard to pierce the conspiracy and the Supreme Court has talked about that other people are sloppy if they're sloppy and we can prove beyond reasonable doubt in other ways I'm a prosecutor, a law and appellate lawyer I wouldn't go down this road but you guys are for a global exception for all conspirators so how do you guess do you think most conspiracies can only be proved if they're involving the parents but you wanted to avoid all conspiracies so if most aren't even covered by it then it seems like an over broad exception just on space I haven't thought of a way to do it on a case by case basis I would just say you'd be a foolish prosecutor to do this unless you absolutely had to that's just the reality there's too much risk in doing this you needed it and the circumstances were just right but I don't think there's a way to engage courts you need it here, you don't need it there and we're going to make that decision for you that would be an awkward spot for a court to be in do you know if there have been any legislative efforts to abdicate the privilege? in the federal? yes and that's typical because of the way we've done privilege under 501 which is to say let courts make the decision as we go and so this court has put privileges in 1999 on the psychotherapist patient privilege there's a very nice judge selling opinion that says we're enacting a crime fraud exception and he goes through the kind of analysis I'm suggesting that we would do here thank you